[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the court on a petition to foreclose a mortgage held by the petitioner, Coventry Credit Union. Defendant, Somerville Lumber Supply Co. (hereinafter Somerville), objects to this petition to foreclose.
The facts are not in dispute. The Coventry Credit Union is the mortgagee of a valid construction mortgage of Rosina J. Dionne in the amount of $160,000. This mortgage was dated February 2, 1990 and recorded February 5, 1990 in the Land Evidence Records of the Town of Coventry in Deed Book 247 at page 134. A promissory note which accompanied said mortgage was signed by Ms. Dionne's husband, Stephen Dionne.
As of July, 1, 1990, the loan was in default for the mortgagor's failure to make interest payments when due. Furthermore, the final payment to the mortgagor was withheld by the petitioner because of the mortgagor's failure to fully complete the structure, as provided by the construction loan agreement. At the time of default, $140,000 had been disbursed according to the terms of the construction loan agreement, with $20,000 still in the possession of mortgagee. The amount disbursed plus interest brings the total amount due the petitioner to $145,000.
In a letter dated August 24, 1990 sent to Coventry Credit Union, Somerville stated that it was due the sum of $13,987.75 and requested, pursuant to § 34-27.1-1 of the General Laws of Rhode Island, that this amount be set aside by petitioner. Petitioner responded by advising Somerville that no further funds would be advanced on the loan because the loan was in default.
Subsequent to the default by the mortgagor, several Notices of Intention to Do Work were recorded by subcontractors and materialmen. The defendant, Somerville, filed its Notice of Intention to Do Work or Supply Materials on August 28, 1990. Somerville subsequently filed a Notice of Lis Pendens noting its intention to enforce its mechanic's lien. The lis pendens was filed on December 5, 1990 in the Coventry Land Records. It appears from the record that Somerville was the only materialman to file such a notice.
Coventry Credit Union petitions this court to grant permission to allow the exercise of its power of sale pursuant to Section 34-28-16.1 of the Rhode Island General Laws (1984 Reenactment). Defendant Somerville bases its objection upon two grounds. Somerville claims that it is due the sum of $13,987.75 for materials furnished to the mortgagor. Somerville seeks to have this amount paid over to it by petitioner prior to foreclosure on the mortgage. In making this claim, Somerville relies on Section 34-27-1.1 of the General Laws of Rhode Island. Somerville contends that this statute requires Coventry Credit Union to dedicate and pay over to them the sum owed for materials furnished to the mortgagor. Somerville also contends that to allow the petitioner to foreclose without prior payment for such materials would result in the petitioner being unjustly enriched.
On a petition to foreclose a mortgage pursuant to §34-28-16.1, the court is required to grant that petition provided the petitioner has met the criteria set forth in the statute. The statute requires that the petitioner be a "holder of a mortgage having priority over liens existing under R.I.G.L. 1956 (1984 Reenactment) § 34-28-1, 34-28-2 or 34-28-3; . . . that the mortgage be valid, entitled to priority and is in default for failure of the mortgagor to make the payments due on said mortgage."
Here, it is uncontested that the petitioner has met these requirements. Petitioner, therefore, argues that the court is required to grant its petition to foreclose. The defendant, Somerville, does not dispute the validity or priority of petitioner's mortgage and recognizes that said mortgage is in default. Although Somerville does not argue against the granting of the petition to foreclose, it does argue that prior to petitioner being given permission to foreclose, the court should direct the petitioner to dedicate and pay to Somerville the sum of $13,987.75. Somerville bases this specific request on two theories.
First, Somerville contends that the court should direct the petitioner to dedicate and pay to Somerville the sum of $13,987.75 in accordance with § 34-27.1-1 of the General Laws of Rhode Island. This provision states as follows:
 34-27.1-1. Payment of mortgage proceeds to subcontractors. — (a) In any construction mortgage loan, where the original face amount of the loan is under five hundred thousand dollars ($500,000), the mortgagee may pay all, or any portion of the mortgage loan to the owner, or lessee, as the case may be, at any time, except to the extent that a lien or notice thereof has been duly recorded and the mortgagee has received, by registered mail, a written statement from the owner, lessee, contractor or subcontractor, sworn to be true, setting forth the name and address and the amount of the claim of any subcontractor who has not been paid and specifying the amount of the unpaid balance of his claim. To the extent that any claims of subcontractors are shown on the statement to be unpaid, the mortgagee shall, form any funds remaining in its hands, either.
 (1) Make checks payable to such owner or lessee, as the case may be, jointly with such subcontractor or materialman for the amount of his unpaid claim, and a check for any balance may be issued to the owner or lessee, or
 (2) Withhold an amount equal to the total of the amounts shown by such statement to be unpaid.
Somerville states that both the absence of any language in the statute concerning the status of the mortgage or any requirement that the materialman's claim is dependent upon the status of that mortgage makes this statute applicable to the situation at bar. However, in determining this statute's applicability and meaning, the court must read it together with §34-28-16.1. While R.I.G.L. 1956 (1984 Reenactment) § 34-27.1-1
makes no mention of the status of the mortgagor as current or in default, it does specifically provide for two alternative remedies. These remedies, as set out above, permit the mortgagee to either issue a check, jointly payable to the owner/lessee and subcontractor/materialman; or withhold an amount equal to the unpaid balance. Nowhere does the statute authorize or reference a direct payment from the mortgagee to the subcontractor or materialman. Smithfield Peat Co. Inc., v. Scott-LeeConstruction, Inc., 525 A.2d 495 (R.I. 1987).
By comparison, § 34-28-16.1 specifically directs the court grant a petition to foreclose a mortgage provided the requirements contained within the statute concerning default, notice and hearing, are satisfied. As noted above, there appears to be no dispute as to these requirements having been met by the petitioner.
Nonetheless, Somerville contends that § 34-27.1-1 creates a statutory lien on behalf of the materialman once the bank is placed on notice and there exists no dispute between the borrower and materialman. To support this theory, defendant relies on language in Smithfield Peat, supra, where the court made reference to the statutory lien theory. However, the court inSmithfield Peat stated in footnote 2 at page 496 that the "reference to this theory [statutory lien] is by no means an indication that § 34-27.1-1 creates a lien. We leave that question to another day." (Emphasis added.) While Somerville contends that today is the day to answer this question, this court finds that there is no reference to such a statutory lien in the language of § 34-27.1-1 and this court is in no position to add such a remedy to the statute.
Furthermore, this court finds that Somerville's second objection, that petitioner will be unjustly enriched if allowed to proceed with the foreclosure before payment of Somerville's lien, is also without merit. The inapplicability of § 34-27.1-1
to the right of the petitioner to foreclose does not deprive Somerville of its legal right to payment; it simply forces them to wait their turn.
It has long been settled that if proceeds remain after the satisfaction of the senior mortgage subsequent to a foreclosure sale by the senior mortgagee, such proceeds will be payable to junior lienholders in order of their priority. 55 Am.Jur.2d Mortgages § 930 (1971). Furthermore, it has been held that the inapplicability of the lien statute (§ 34-27.1-1) does not relieve the borrower from its obligation to pay its indebtedness.Diamond International Corp. v. Bristol County Builders Corp.,468 A.2d 282 (R.I. 1983).
Therefore, based upon the showing that the requirements of § 34-16.1 have been met by the petitioner, the court hereby grants petitioner, Coventry Credit Union's petition to foreclose under R.I.G.L. 1956 (1984 Reenactment) § 34-16.1 of the General Laws of Rhode Island.
Counsel shall prepare the appropriate judgment for entry.